# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BARBARA ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 1:17-cv-00052-PPS-SLC |
| ) | |
| LOVE'S TRAVEL STOPS & ) | |
| COUNTRY STORES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen County Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The Notice of Removal alleges that at the time the action was commenced Plaintiff Barbara Allen "was a resident of Payne, Ohio, making her a citizen of Ohio for purposes of 28 U.S.C. § 1332." (DE 1 ¶ 4). The Notice of Removal alleges similarly as to Defendant Steve Witzman with respect to his being an Indiana resident. (DE 1 ¶ 6).

Residency, however, is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Therefore, Defendants are ORDERED to supplement the record by filing an amended

notice of removal on or before February 23, 2017, that properly alleges the citizenship of the parties.

SO ORDERED.

Entered this 9th day of February 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge