UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BARBARA ALLEN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LOVE'S TRAVEL STOPS & COUNTRY )<br>STORES, INC. and STEVE WITZMAN, )<br>)<br>Defendants. ) | Cause No. 1:17-cv-52 |

**OPINION & ORDER**

Plaintiff Barbara Allen has moved for remand of this personal injury action to state court on grounds that, although the parties are completely diverse, defendant Steve Witzman is domiciled in Indiana, the forum in which the matter was originally filed. (DE 14.) This case arises from an incident where Allen tripped over a curb that she says was improperly marked on the property of Love's Travel Stops & Country Stores in Woodburn, Indiana, and fell, sustaining physical injuries. (DE 6.) The complaint alleges a single negligence claim against the store and its manager, Steve Witzman. (*See* DE 6.) Defendants oppose remand and argue that Witzman should be ignored as a defendant because he was only named in the case to prevent removal to federal court. (DE 15.) Because the defendants have not carried their burden of showing fraudulent joinder, the Motion to Remand will be granted.

A defendant may remove an action only if none of the defendants is a citizen in the State in which the matter was brought. *See* 28 U.S.C. § 1441(b)(2). "In other words, the forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against

presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

But that's not the end of the matter. "While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, . . . the federal courts should not sanction devices intended to prevent removal to a Federal court[.]" *Morris v. Nuzzo*, 718 F.3d 660, 670 (7th Cir. 2013) (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). That means that the forum defendant rule does not prevent removal where a defendant was joined "solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (citing *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir. 1993)). To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.*  In other words, a defendant must show that the plaintiff's claim has "no chance of success[.]" *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). This is a "heavy burden." *Id.*

The defendants claim Witzman has been fraudulently joined here to prevent removal. Specifically, the defendants argue that, because Witzman was just a manager of the Love's store, he had no ability or duty to construct sidewalk curbs or handrails and owed no duty to business invitees.  (DE 15 at 3-4.) They also note that the complaint fails to demand specific relief from Witzman.  (*Id.*) But that's just not enough to carry the heavy burden of showing that Witzman is not a properly joined party in interest, as required for operation of the forum defendant rule. *See* 28 U.S.C. § 1441(a)(2). The

2

defendants acknowledge that Witzman was responsible for "overseeing general maintenance and cleaning[,]" and the complaint alleges that Witzman was "negligent and careless" in those duties. (*See* DE 15 at 4; DE 6 at 1-2.) What if, for example, the condition that caused Allen's injury was obvious and Witzman blithely ignored it? What if there were signs made by the corporate office and sent to the local store in Woodburn that warned patrons of the danger, but Witzman decided that putting up the signs was too much of a bother? These are instances (and others come to mind) in which Witzman might be found negligent. In short, it's a stretch to say that Allen has "no chance of success" against Witzman.

It's worth pointing out that the rationale for allowing a defendant to remove an action to federal court doesn't exist here, making remand even more appropriate. The rationale is the possibility that a state court would favor an in-state plaintiff in an action against an out-of-state defendant, but such bias is unlikely here because the plaintiff is not a resident or citizen of Indiana.

Finally, Allen makes no request for attorneys fees pursuant to 18 U.S.C. § 1447(c). Therefore, fees will not be awarded. In any event, I would not have awarded them even if they had been requested. While I disagree that removal was appropriate, the defendants did not act in an objectively unreasonable way when they sought removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (DE 14) is **GRANTED**, and this matter is **REMANDED** to the Allen County Superior Court for all further

proceedings. The Clerk of Court shall treat this civil action as **TERMINATED**, and all further settings in this action are hereby **VACATED**.

    **SO ORDERED.**

    ENTERED: April 10, 2017.

s/ Philip P. Simon<br>JUDGE, UNITED STATES DISTRICT COURT